```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>　) <br>　　**Plaintiff,** )<br>　) <br>**v.** )<br>　) <br>**CHARLES A. JONES; and** )<br>**MARK J. WHITAKER,** )<br>　) <br>　　**Defendants.** ) | No. 19-cr-20025-MSN |

## REPORT AND RECOMMENDATION

Before the court by order of reference is defendant Charles Jones's Motion to Dismiss Counts 2, 3, and 4 of Indictment, filed on March 15, 2019. (ECF Nos. 31; 37.) The government responded on April 15, 2019 (ECF No. 36), and Jones replied on April 29, 2019 (ECF No. 40). For the following reasons, it is recommended that Jones's motion be denied.

The indictment charges Jones with one count of conspiracy to commit wire fraud and three counts of wire fraud. (ECF No. 2 at 7-10.) The wire fraud counts allege:

> On or about February 13, 2014, *in the Western District of Tennessee* and elsewhere,
>
> 　　　　　CHARLES A. "CHUCK" JONES
>
> being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication

in interstate commerce, writing, signs, signals, pictures and sounds, specifically a FCC Form 486 containing a false and fraudulent representation and certification.

All in violation of Title 18, United States Code, 1343.

. . . On or about March 15, 2014, *in the Western District of Tennessee* and elsewhere,

CHARLES A. "CHUCK" JONES

being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures and sounds, specifically a FCC Form 471 containing multiple false and fraudulent representations and certifications.

All in violation of Title 18, United States Code, Section 1343.

. . . On or about August 13, 2014, *in the Western District of Tennessee* and elsewhere,

CHARLES A. "CHUCK" JONES

being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures and sounds, specifically an appeal of a denial of E-Rate Program funding that contained falsified invoices provided by JONES which purported to show that JONES's Company invoiced the East Prairie R-2 School District the correct co-pay share.

All in violation of Title 18, United States Code, Section 1343.

(Id. at 8-10 ¶¶ 33, 35, 37) (emphasis added).  In the present motion, Jones argues that the three wire fraud counts should be dismissed for lack of venue.  (ECF No. 31-1.)  According to Jones, for venue to be proper in this district, "the government must allege at least some facts demonstrating that Mr. Jones caused a wire to be sent through or received in the District." (Id. at 3-4.)  Jones argues that because "[t]here is not a single allegation in the Indictment that any wire touched the Western District of Tennessee, . . . the counts must be dismissed." (Id. at 4.)

"Article III of the Constitution, the Sixth Amendment, and the Federal Rules of Criminal Procedure all require that a crime be prosecuted and tried in the district where the crime was committed."  United States v. Med 1st, No. 3:16-cr-00076, 2017 WL 4848823, at *1 (W.D. Ky. Oct. 26, 2017); see also U.S. Const. art. III § 2; U.S. Const. amend. VI; Fed. R. Crim. P. 18. Federal Rule of Criminal Procedure 12 allows a defendant to raise a pretrial venue challenge.  "However, Rule 12(b)(3) only permits dismissal for improper venue before trial if 'the motion can be determined without a trial on the merits.'"  Med 1st, 2017 WL 4848823, at *1 (quoting Fed. R. Crim. P. 12(b)(3)); United States v. Ayo, 801 F. Supp. 2d 1323, 1327 (S.D. Ala. 2011) ("[A] court may resolve venue before trial when the

question is one of law and not of disputed fact."). A court "may make preliminary findings of fact necessary to decide the questions of law presented by [a] pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976). "Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is appropriate when the 'facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment.'" United States v. Hofstetter, No. 3:15-cr-27, 2018 WL 1704241, at *6 (E.D. Tenn. Jan. 3, 2018) (quoting Jones, 542 F.2d at 665).

"Under 18 U.S.C. § 3237, wire fraud is a continuing offense crime: 'Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves." United States v. Grenoble, 413 F.3d 569, 573 (6th Cir. 2005). The wire fraud counts in Jones's indictment allege that Jones violated the wire fraud statute "in the Western District of Tennessee and elsewhere." (ECF No. 2 at 8-10 ¶¶ 33, 35, 37.) Jones argues that the government is unable to establish venue at this

pretrial stage by simply stating that Jones violated the wire fraud statute in this district.

The court rejects this argument. At this pretrial stage, the court must treat the indictment's factual allegations as true, and simply stating that Jones violated the wire fraud statute in this district is sufficient to establish venue.[1] See Med 1st, 2017 WL 4848823, at *1 ("The superseding indictment states that the conspiracies to commit health care fraud and to violate the Controlled Substance Act took place in the Western District of Kentucky, Jefferson County, Kentucky[.] It further alleges that the crimes of health care fraud and conspiracy to commit money laundering were committed in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere[.] Based upon these statements, the indictment is facially valid." (internal citations and quotations omitted)); United States v. Varnado, No. 3:06-cr-415, 2007 WL 3124645, at *3 (W.D.N.C. Oct. 25, 2007) ("The Superseding Indictment alleges that the Defendants acted in furtherance of both a health care fraud conspiracy and a money laundering conspiracy effectuated within 'Mecklenburg County, in the Western District of North Carolina, and elsewhere.' . . . These general allegations regarding venue

---

[1] In almost every case cited by Jones, the issue before the court was whether the government sufficiently established venue at trial and not whether an indictment should be dismissed for lack of venue prior to trial.

are sufficient until trial, at which time the Government will have the burden of proving by a preponderance of the evidence that venue is proper as to each Count in the Superseding Indictment."); see also Grenoble, 413 F.3d at 572-73 (concluding that an indictment charging the defendant with wire fraud was not facially invalid for lack of venue where the indictment "alleged that 'in the Northern District of Ohio' [the defendant] 'did knowingly transmit and cause to be transmitted communications by means of wire communications in interstate and foreign commerce.'").[2]

For these reasons, it is recommended that Jones's motion be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 7, 2019
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] Jones raises several factual reasons why the government is unable to establish venue. (See ECF No. 31-1 at 5.)  The court declines to resolve these factual disputes at this stage because doing so would intrude "upon the province of the ultimate finder of fact." Med 1st, 2017 WL 4848823, at *1.