# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                             No. 2:19-cr-20025-MSN

CHARLES A. "CHUCK" JONES and
MARK J. WHITAKER,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge Tu M. Pham's (ECF No. 64) Report and Recommendation ("Report") on Defendant Charles Jones's Motion to Dismiss the Indictment (ECF No. 30). Defendant Mark Whitaker joined Mr. Jones's Motion to Dismiss on June 27, 2019. (ECF Nos. 58;62.) The Report recommends that the Court deny Defendants' Motion. (ECF No. 64.) Mr. Jones filed an Objection to the Report on August 22, 2019 ("Objection"). (ECF No. 65.) The Government timely responded to Mr. Jones's Objection on September 5, 2019. (ECF No. 66.) Mr. Jones filed a Reply to the Government's Response on September 18, 2019. (ECF No. 67.) For the following reasons, Mr. Jones's Objection is **OVERRULED.** The Report is **ADOPTED** and Defendants' Motion to Dismiss (ECF No. 30) is **DENIED**.

## FACTUAL HISTORY

For the purposes of this review, the Magistrate Judge accurately summarized the facts of this case. In pertinent part, this case concerns criminal charges against Defendants for conspiracy to commit wire fraud and charges against Mr. Jones for three counts of wire fraud following

Defendants' submission of inaccurate documentation to the Federal Communication Commission's E-Rate Program. Mr. Jones filed an Objection to the Magistrate Judge's Report; however, none of the claims or objections therein appear to relate specifically to the Magistrate Judge's proposed factual findings.[1] Therefore, the Court adopts the factual findings of the Report.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was

---

1. The Court takes notice of Mr. Jones's contention that the E-Rate Program is not administered or funded by the government. (ECF No. 65 PageID 374.) However, said contention is not the basis of Mr. Jones's Objection.

wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **ANALYSIS**

The Indictment charges both Defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1). (ECF No. 2 at PageID 18–19.) Mr. Jones is charged with three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343 (Counts 2–4). (*Id.* at PageID 19–21.) The elements of wire fraud are: 1) a scheme to defraud; 2) use of an interstate wire communication in furtherance of the scheme; and 3) intent to deprive a victim of money or property. *See United States v. Prince*, 214 F.3d 740, 747–48 (6th Cir. 2000).

Mr. Jones objects to the Magistrate Judge's finding that the Indictment sufficiently alleges the third element: Defendants' intent to deprive an entity of money or property. (ECF No. 65 at PageID 378.) The gravamen of Mr. Jones's Objection lies with the Magistrate Judge's finding that the holding and reasoning in *United States v. Sadler*, 750 F.3d 585 (6th Cir. 2014) is inapplicable to the case at bar. (*Id.* at PageID 378–82.) In the Report, Magistrate Judge Pham opines *Sadler* is distinguishable to the present case for three reasons. First, *Sadler* procedurally differs from the present case because it involved a sufficiency-of-the-evidence review post-trial,

3

whereas Jones's motion seeks pre-trial dismissal of the indictment. (ECF No. 64 at PageID 359-60.) Second, the Report found the *Sadler* decision to be in tension with prior published Sixth Circuit case law citing to *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) and *United States v. Frost*, 125 F.3d 346, 371 (6th Cir. 1997). (*Id.* at PageID 360–61.) Third, case law from the Sixth Circuit and from other jurisdictions addressing challenges to wire fraud schemes similar to those alleged in the Indictment found said schemes to fall within the wire fraud statute. (*Id.* at PageID 361–66.)

With respect to the first reason, Mr. Jones objects to the Magistrate Judge's reading of *United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015) and *United States v. Galecki*, 2018 WL 7018192, at *13 (D. Nev. June 15, 2018). (ECF No. 65 at PageID 383.) However, the Court reviewed both cases and finds the Report accurately cites to *Olive* and *Galecki* for the proposition that courts use different standards of review to analyze the sufficiency of language in an indictment on a motion to dismiss versus a sufficiency-of-the-evidence review post-trial. Accordingly, this objection is **OVERRULED**.

Next, Mr. Jones objects to the Magistrate Judge's reliance on two Sixth Circuit cases preceding *Sadler*: *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) and *United States v. Frost*, 125 F.3d 346, 371 (6th Cir. 1997). Mr. Jones avers:

> In both [*McAuliffe* and *Frost*], the defendants engaged in a transaction which resulted in obtaining money and property they did not earn. . . . In *Sadler*, though, as in this case, the defendants received only the benefit of the bargain they struck. *Frost* and *McAuliffe* did not bar *Sadler*'s decision in favor of the defendant there, and it does not bar a decision in favor of Mr. Jones here.

(ECF No. 65 at PageID 384–85.)

To the extent Mr. Jones avers all entities in the present case "received the benefit of the bargain" in their dealings with Mr. Jones's companies, this Court disagrees. Unlike the victim

4

drug distributors in *Sadler*, who received the full benefit of their *quid pro quo* bargain with the defendant (i.e., payment of money for supplying prescription pills), the E-Rate Program did not receive what it bargained for because Mr. Jones failed to satisfy an important condition precedent to receiving payments when he did not bill school districts for the full amount of their required co-payments. (ECF No. 2 at PageID 7.) Therefore, Mr. Jones's objection to the Magistrate Judge's reliance on *Frost* and *McAuliffe* is **OVERRULED**.

Finally, Mr. Jones objects to the Magistrate Judge's reliance on case law from other circuits and district courts within the Sixth Circuit instead of *Sadler* stating "[w]ith respect to the Magistrate Judge, it is required to follow the most recent reported decisions of the Sixth Circuit [i.e., *Sadler*], regardless of whether it agrees with the decision." (ECF No. 65 at PageID 383.) In the same vein, Mr. Jones also argues the Report unnecessarily, and inappropriately expands the scope of the wire fraud statute under Sixth Circuit case law because no party was actually deprived of money or property. (ECF No. 65 at PageID 382.)

In the Report, Magistrate Judge Pham distinguishes *Sadler* from the case at bar by discussing the facts and holdings in the following cases: (1) *United States v. Evans Landscaping, Inc.*, 1:17-cr-053, 2018 WL 1794336, at *2-3 (S.D. Ohio Apr. 16, 2018); (2) *United States v. Lanier*, No. 2:14-CR-83(01), 2015 WL 1566115, at *1-4 (E.D. Tenn. Mar. 11, 2015), report and recommendation adopted by, 2015 WL 1566115, at *1 (E.D. Tenn. Apr. 7, 2015); and (3) *United States v. Tulio*, 263 F. App'x 258, 261 (3d Cir. 2008). (ECF No. 64 at PageID 361–65.) The Magistrate Judge concluded his discussion by stating:

> [T]he defendants [in the above cases] made false representations with the intent of receiving money from a government program. Similarly, as alleged in the present indictment, Jones made false representations to USAC with the intent of receiving money from the Program for his benefit. The indictment sufficiently pleads the intent to deprive element.

5

(*Id*. at PageID 366.) Having reviewed *Evans*, *Lanier*, and *Tuilo*, the Court finds no fault with the Magistrate Judge's conclusion.

To Defendant's credit, the Court would consider adopting the ruling in *Sadler* had the E-Rate Program received the benefit of the bargain it was legally entitled to under the rules of the program. However, this was not the case. Here, Mr. Jones submitted false statements and representations to the E-Rate Program that the schools had been billed for the full amount of their required co-payments. Because of these false statements and representations, the E-Rate program over paid Mr. Jones's companies by an amount equal to the schools' required co-payments. As such, the E-Rate Program incurred an ascertainable financial loss that the victim drug distributors in *Sadler* did not. Mr. Jones appears to disregard the legal rights of the E-Rate Program, but this Court does not. Accordingly, the Court finds the Magistrate Judge's departure from *Sadler* to be well reasoned and **OVERRULES** Mr. Jones's objection as it relates to the Magistrate Judge's reliance on other case law.

## **CONCLUSION**

For the reasons set forth above, Mr. Jones's objections are **OVERRULED**, and the Report and Recommendation (ECF No. 64) is **ADOPTED** as the opinion of the Court. Accordingly, Defendants' Motion to Dismiss (ECF No. 30) is hereby **DENIED**.

**IT IS SO ORDERED** this 18th day of September, 2019.

s/ Mark Norris<br>
MARK S. NORRIS<br>
UNITED STATES DISTRICT JUDGE