# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 2:19-cr-20025-MSN

CHARLES A. "CHUCK" JONES and
MARK J. WHITAKER,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge Tu M. Pham's (ECF No. 42) Report and Recommendation ("Report") on Defendant Charles Jones's Motion to Dismiss Counts 2, 3, and 4 of the Indictment ("Motion to Dismiss") (ECF No. 31). The Report recommends that the Court deny Mr. Jones's Motion. (ECF No. 42.) Mr. Jones filed an Objection to the Report on May 20, 2019 ("Objection"). (ECF No. 43.) The Government timely responded to Mr. Jones's Objection on June 4, 2019. (ECF No. 46.) Mr. Jones filed a Reply to the Government's Response on June 18, 2019. (ECF No. 52.) For the following reasons, Mr. Jones's Objection is **OVERRULED.** The Report is **ADOPTED** and Mr. Jones's Motion to Dismiss (ECF No. 31) is **DENIED**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION**

First, Mr. Jones objects to the Magistrate Judge's finding that counts 2–4 in the indictment sufficiently allege venue.[1] (ECF No. 43 PageID 295–96.) As noted in the Report, counts 2–4 in the indictment read as follows:

> On or about February 13, 2014, in the Western District of Tennessee and elsewhere,
>
> CHARLES A. "CHUCK" JONES
>
> being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication in interstate commerce, writing, signs, signals, pictures and sounds, specifically a FCC Form 486 containing a false and fraudulent representation and certification.
>
> All in violation of Title 18, United States Code, 1343.
>
> . . . On or about March 15, 2014, in the Western District of Tennessee and elsewhere,
>
> CHARLES A. "CHUCK" JONES
>
> being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures and sounds, specifically a FCC Form 471 containing multiple false and fraudulent representations and certifications.
>
> All in violation of Title 18, United States Code, Section 1343.
>
> . . . On or about August 13, 2014, in the Western District of Tennessee and elsewhere,
>
> CHARLES A. "CHUCK" JONES
>
> being aided and abetted by A.J., did, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by

---

1. The Report holds that "[a]t this pretrial stage, the court must treat the indictment's factual allegations as true, and simply stating that Jones violated the wire fraud statute in this district is sufficient to establish venue." (ECF No. 42 PageID 292.)

> means of materially false and fraudulent pretenses, representations, and promises, knowingly cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures and sounds, specifically an appeal of a denial of E-Rate Program funding that contained falsified invoices provided by JONES which purported to show that JONES's Company invoiced the East Prairie R-2 School District the correct co-pay share. All in violation of Title 18, United States Code, Section 1343.

(ECF No. 2 PageID 8–10.) In his Objection, Mr. Jones maintains that the cases cited in the Report differ from the case at bar because Mr. Jones's indictment does not disclose the locations where wires were sent to or from. (ECF No. 43 PageID 295–96.) These cases include *United States v. Med 1st*, No. 3:16-cr-00076, 2017 WL 4848823, at *1 (W.D. Ky. Oct. 26, 2017); *United States v. Varnado*, No. 3:06-cr-415, 2007 WL 3124645, at *3 (W.D.N.C. Oct. 25, 2007); and *United States v. Grenoble*, 413 F.3d 569, 572–73 (6th Cir. 2005). (*See* ECF No. 42 PageID 290–93.) Mr. Jones maintains that the courts in these cases found that "alleging wires were sent to or from the district was enough [to establish venue] and the court would not look past the allegations to determine whether they were true." (ECF No. 43 PageID 295–96.) After reviewing each case, this Court finds Mr. Jones's interpretation of *Med 1st*, *Varnado*, and *Grenoble* to be without merit and finds the Magistrate Judge's reporting of the holding in case to be on target—opining that "general allegations regarding venue are sufficient until trial." (ECF No. 42 PageID 292–93.) In addition, Mr. Jones fails to cite any legal authority in his Objection that supports his narrow interpretation of *Med 1st*, *Varnado*, and *Grenoble*. Accordingly, Mr. Jones's first objection is **OVERRULED**.

Second, Mr. Jones asserts that the Magistrate Judge erred in concluding that several arguments raised in the Motion to Dismiss, (*see* ECF No. 31-1 PageID 241), present a factual venue dispute for the jury to resolve at trial. (ECF No. 43 at PageID 296–99.) In support of his theory, Mr. Jones argues there is no dispute on the factual points raised in the Motion to Dismiss, and it is appropriate for the Court to decide the [venue] issue now. (ECF No. 52 PageID 332.)

Mr. Jones further contends, for a second time, that the Court should hold a pre-trial hearing to determine whether the Government can actually prove venue in this case. (ECF No. 43 at PageID 296–99.) The Court has reviewed the Motion to Dismiss and authorities cited in the Report and agrees with the Magistrate Judge's decision to withhold consideration of Mr. Jones's fact-based objections to venue. The Court is not convinced that the factual points raised in the Motion to Dismiss are undisputed. The fact that Mr. Jones proffers arguments against the Government's ability to prove venue shows that there is an issue of fact (i.e., what actions were taken by the defendants and where they occurred) that is best left to the providence of the ultimate trier of fact. *See Med 1st*, 2017 WL 4848823, at *3–4. Accordingly, the Court **OVERRULES** Mr. Jones's second objection and declines to hold an evidentiary hearing on the issue of venue.

## CONCLUSION

For the foregoing reasons, Mr. Jones's objections are **OVERRULED**, and the Report and Recommendation (ECF No. 42) is **ADOPTED** as the opinion of the Court. Accordingly, Mr. Jones's Motion to Dismiss (ECF No. 31) is **DENIED**.

**IT IS SO ORDERED** this 23rd day of October, 2019.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE